**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSE GUERRERO and LAURIE J.** | § | |
| **STEWART, Individually and on Behalf** | § | |
| **of All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:12-CV-03251** |
| | § | |
| **S&B FIELD SERVICES, LTD.** | § | **JURY DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |

---

## PLAINTIFFS' FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs JOSE GUERRERO ("Plaintiff Guerrero") and LAURIE J. STEWART ("Plaintiff Stewart") file this First Amended Complaint as a collective action lawsuit against Defendant S&B FIELD SERVICES, Ltd. ("Defendant") to recover unpaid wages and for cause of action would show the following:

### I.    NATURE OF CLAIMS

1.      This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") to correct unlawful employment practices, including Defendant's willful and knowing violations of the overtime provisions of said law.  Plaintiffs, and all others similarly situated, seek to recover unpaid overtime wages, liquidated damages, attorneys' fees, and any and all other damages allowed under the FLSA.

## II.  Jurisdiction and Venue

2.      Plaintiffs' claims arise under the FLSA.   Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper in the U.S. District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because it is the district in which Defendant resides and maintains its place of business.

## III. The Parties

4.      Plaintiff Guerrero resides in Houston, Harris County, Texas. In performing his duties for Defendant, Plaintiff was engaged in interstate commerce, or in the production of goods for interstate commerce, within the meaning of the FLSA. Plaintiff regularly and customarily worked in excess of 40 (forty) hours per week.  Plaintiff did not receive overtime compensation (time-and-a-half) for all hours worked over forty (40) in a workweek.  Plaintiff Guerrero's Notice of Consent is attached hereto as Exhibit A.

5.      Plaintiff Stewart resides in Pascagoula, Jackson County, Mississippi. In performing her duties for Defendant, Plaintiff was engaged in interstate commerce, or in the production of goods for interstate commerce, within the meaning of the FLSA.  Plaintiff regularly and customarily worked in excess of 40 (forty) hours per week.  Plaintiff did not receive overtime compensation (time-and-a-half) for all hours worked over forty (40) in a workweek.  Plaintiff Stewarts's Notice of Consent is attached hereto as Exhibit B.

6.      Defendant S&B Field Services, Ltd. is a Texas limited partnership and may be served with process by serving its registered agent, C.T. Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234. Defendant is represented in this lawsuit by Ms. Linda O. Headley, Attorney-in-Charge, and Ms. Elizabeth L. Bolt, Of Counsel, of Littler Mendelson, P.C.

## IV.  FACTS

7.  Defendant owns and operates a limited partnership which provides engineering, procurement, and construction services to the refining, petrochemical and chemical, midstream and power industries. Defendant is headquartered at 7825 Park Place Boulevard, Houston, Harris County, Texas 77087.

8.  Defendant is an employer within the meaning of the FLSA. Defendant earns more than $500,000.00 per year in revenue. Additionally, Defendant engages in interstate commerce or in the production of goods for interstate commerce. Defendant maintains its headquarters in Houston, Texas. Defendant maintains operations in Texas, Louisiana (New Orleans, Monroe, and Baton Rouge), and South Carolina (Greenville). Defendant even maintains two offices in India (Bangalore & New Delhi).

9.  To complete its construction projects, Defendant routinely purchases goods which cross interstate and international lines. These goods include: steel, pipe, rebar, concrete, and storm sewer pipes. Defendant also utilizes construction equipment such as excavators, back-hoe tractors, cranes, man-lifts, bull dozers, and dump trucks which passed through channels of interstate commerce.

10.  Additionally, Defendant employs individuals from various states, such as Plaintiff Stewart.

11.  Defendant's projects extend across the United States. Defendant maintains projects in: Washington State, Oregon, Montana, Idaho, Texas, Louisiana, Illinois, Nebraska, Colorado, Wyoming, Arizona, Alabama, Tennessee, Virginia, Pennsylvania, South Carolina, and Florida.

12.  Plaintiffs and similarly situated employees were engaged in interstate commerce or in the production of goods for interstate commerce and were employed by Defendant within the

meaning of the FLSA. Plaintiffs and similarly situated employees were employed by Defendant between 2009 and 2012 as hourly employees. Plaintiffs and similarly situated employees engaged in manual labor constructing crude oil and natural gas pipeline in Port Arthur, Texas.

13.     Plaintiffs and similarly situated employees regularly and customarily worked many hours in excess of 40 (forty) hours per workweek.

14.     Defendant failed to pay Plaintiffs and similarly situated employees for work related travel time and preparation activities performed at the Defendant's direction.  *See* 29 U.S.C. §§ 201-209. Specifically, Plaintiffs and similarly situated employees were required to arrive at a location designated by Defendant. However, Plaintiffs and similarly situated employees were not permitted to "clock in." Instead, Plaintiffs and similarly situated employees boarded buses, were transported to another work location, walked from a distant parking lot to the project site and then "clocked in."

15.     Similarly, Plaintiffs and similarly situated employees followed this same routing on the way back to the original mandatory site. Plaintiffs and similarly situated employees "clocked out," walked across a distant parking lot, boarded buses, and were transported to the original site.

16.     Thus, Plaintiffs and similarly situated employees were not compensated for that time from when they were made to arrive to the original site, boarded buses, walked across a distant parking lot, until they finally "clocked in." Nor were they compensated for the time that they "clocked out," walked back across the distant parking lot, boarded the bus, and were transported back to the original site.

17.     During this time when these employees were not allowed to "clock in" or remain "clocked in," Plaintiffs and similarly situated employees were required to don personal

protective equipment, attend work-related meetings, retrieve equipment that was necessary to perform their jobs, and perform other work related functions.

18.     Plaintiffs and similarly situated employees were also not relieved of work duties during lunch and break periods. Specifically, Plaintiffs and similarly situated employees were made to attend mandatory work and safety related meetings and trainings. During this time, Plaintiffs and similarly situated employees were required to "clock out."

19.     Defendant also failed to maintain accurate wage and hour records, as required by the FLSA. *Id.* As discusses, Defendant did not allow Plaintiffs and similarly situated employees to "clock in" or "clock out" when they were engaging in compensable activities.  Further, Plaintiffs and similarly situated employees were made to "clock out" for lunch and break periods, when they were not relieved of work duties.

20.     Plaintiffs and similarly situated employees complained about this policy to Defendant. Nonetheless, Defendant dismissed Plaintiffs' and similarly situated employees' concerns and continued to require them to perform work duties without being on the clock.

21.     Defendant's failure to compensate Plaintiffs and similarly situated employees for all hours worked and for overtime hours violates the FLSA.

22.     Defendant's failure to maintain accurate wage and hour records violates the FLSA.

23.     Defendant knew or showed reckless disregard for whether their actions violated the FLSA because Plaintiffs and similarly situated employees complained of their unlawful practice.

## V.  PLAINTIFFS' INDIVIDUAL ALLEGATIONS

24.     Plaintiffs reassert and incorporate by reference the above-numbered paragraphs.

25.     Plaintiff Guerrero worked for Defendant from approximately September 2009 until March 2012. Plaintiff Guerrero was subject to the above-described policy. That is, Plaintiff

Guerrero was not compensated for travel time, preparation time, and for time which he was made to "clock out" and attend mandatory meetings.

26.     Plaintiff Stewart worked for Defendant from approximately October 2010 until January 2011. Plaintiff Stewart was subject to above-described policy. That is, Plaintiff Stewart was not compensated for travel time, preparation time, and for time which he was made to "clock out" and attend mandatory meetings.

27.     Plaintiffs were legally entitled to be paid at one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per each 7 (seven) day workweek.

28.     Plaintiffs did not receive the compensation they were legally entitled to receive for all hours worked.

29.     Defendant failed to pay Plaintiffs for work related travel time and preparation activities performed at the Defendant's direction. Defendant also failed to pay Plaintiffs for meal and break periods where they were not relieved of their work duties.

30.     Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' rights. Plaintiffs complained to Defendant, but Defendant chose to continue its unlawful pay practice.

## VI. COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiffs reassert and incorporate by reference the above-numbered paragraphs.

32.     Upon information and belief, many other workers employed by Defendant over the last three (3) years (collectively the "Workers") have been victimized by Defendant's violations of the FLSA. Plaintiffs worked along side similarly situated employees who were subject to the above-described policy.

33.     These Workers should be notified of this action and given the chance to join pursuant to

29 U.S.C. §216(b).  The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the
> filing of this lawsuit, worked at any business that was owned, operated, and/or
> acquired by Defendant, who were not paid for all hours worked.

### VII.     CAUSES OF ACTION

34.     Plaintiffs reassert and incorporate by reference the above-numbered paragraphs.

35.     Defendant's practice of not paying Plaintiffs and other similarly situated employees at

one-and-one-half times the regular rate for all hours worked in excess of 40 (forty) hours per

each 7 (seven) day workweek is in direct violation of the FLSA.

36.     Plaintiffs and all other similarly situated employees are entitled to an amount equal to all

unpaid wages for the three years preceding the filing of this lawsuit.

37.     Plaintiffs and all other similarly situated employees are entitled to liquidated damages at

an amount equal to their unpaid wages as a result of Defendant's willful and knowing failure to

comply with the FLSA for the three years preceding the filing of this lawsuit.

38.     Plaintiffs and all other similarly situated employees are entitled to recover all reasonably

and necessary attorneys' fees and costs incurred in this action.

### VIII.     JURY DEMAND

39.     Plaintiffs demand a jury on all issues to be tried in this matter and herein submit the jury

fee.

### IX. PRAYER

40.     For the reasons set forth above, Plaintiff respectfully prays that the Defendant's be cited

to appear and answer herein, and for the following relief:

> a.  That the Court enter an order this action to proceed as a collective action under
> the FLSA and directing notice to the Workers;

b.  Judgment awarding Plaintiffs and the Workers all unpaid wages and unpaid overtime wages, liquidated damages, attorney's fees and costs under the FLSA;

c.  An award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d.  All such other and further relief to which Plaintiffs and the Workers may show themselves to be justly entitled.

Respectfully submitted,

kennard law P.C.

Stephen J. Quezada
Texas SBN: 24076195
Fed. I.D. No.: 1348753
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Facsimile: (713) 742-0951
Email: stephen.quezada@kennardlaw.com

**OF COUNSEL FOR PLAINTIFF**

**ATTORNEY-IN-CHARGE FOR PLAINTIFF:**

Alfonso Kennard Jr.
Texas SBN.: 24036888
Fed. I.D. No.: 713316
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Facsimile: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing was served on all parties via the Court's electronic filing system on December 18, 2012.

_____
Stephen J. Quezada